UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SCOTT E. SPATES,

                    Plaintiff,

v.                                                  **Case No. 15-cv-46-pp**

LT. BEULEN,

                    Defendant.

---

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. § 1915A, AND DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM**

---

The *pro se* plaintiff, Scott E. Spates, is a Wisconsin state prisoner. On January 14, 2015, the plaintiff filed a civil rights complaint under 42 U.S.C. § 1983. He also filed a motion asking the court not to require him to pay the full filing fee before considering his case. The court indicated that it would consider waiving the requirement that he pay the filing fee up front if the prisoner paid an initial partial filing fee; he paid that fee of $3.89 on January 28, 2015. *See* 28 U.S.C. § 1915(b)(1). Because the plaintiff paid the initial partial filing fee, the court will grant his motion to be allowed to pay the filing fee over time.

The court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss part or all of a complaint if the prisoner has raised claims that are legally "frivolous or malicious," that fail to

1

state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads

2

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in *Twombly*. First, courts "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* Second, if there are well-pleaded factual allegations, the court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, plaintiff Spates must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court gives the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff is incarcerated at the Oshkosh Correctional Institution. He alleges that on December 17, 2014, he "was struck in the face by a canister of pepper spray that was being used by [defendant] Lieutenant Beulen in conflict

3

with someone else." (Compl. at 3.) After the canister struck the plaintiff, he indicates that "Officer Baxter came and got the canister out of the bed [he] was occupying" and "Sergeant Zimmerman escorted [him] to the Health Service Unit right away." (*Id.*) The plaintiff recounts that had a cervical collar on his neck at the time, because recently he had undergone spinal surgery. He states that when "the canister came flying at [his] face by natural reflex [he] jerk[ed] [his] head and ended up reinjuring [himself]." (*Id.* at 3-4.) The plaintiff also alleges that before the conflict became physical "with the other person, Mr. Campbell and Mr. Webb w[ere] trying to tell Lt. Beulen how close she was to [him] and [he] had a lot of health problems going on." (*Id.* at 4.)

In the section of the form complaint that asks the plaintiff to state his legal theory, the plaintiff wrote that "no one has the right to injure me" and "[a] person should be responsible for th[eir] ac[tions]." (*Id.*) For relief, he seeks an apology and monetary damages. The plaintiff also requests to "[n]ot be in a dormitory with my health problems." (*Id.* at 5.)

While the plaintiff does not explain which part of the Constitution he believes the defendant's actions violation, the allegation that Lieutenant Beulen struck the plaintiff with a pepper spray canister most resemble an Eighth Amendment excessive force claim. "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir.

2012) (quoting *Hudson v. McMillian,* 503 U.S. 1, 6–7 (1992)). "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Guitron v. Paul,* 675 F.3d 1044, 1045-46 (7th Cir. 2012) (quoting *Whitley v. Albers,* 475 U.S. 312, 319 (1986)).

In *Gomez,* 680 F.3d at 864, the incarcerated plaintiff alleged that an unidentified officer on a catwalk fired two shotgun rounds at inmates who were not involved in the fight and located four cells away. The prisoner also alleged that the two inmates involved in the fight were unarmed, and that two staff members were able to break up the fight. *Id.* The Court of Appeals for the Seventh Circuit held that, "[c]onstruing Gomez's *pro se* complaint liberally," the plaintiff stated an Eighth Amendment excessive force claim because "there are enough factual allegations to infer that the unidentified officer acted maliciously in using deadly force against inmates who were not involved in the ongoing altercation." *Id.* at 864-65.

This case is different. In this case, the plaintiff does not allege that Lieutenant Beulen acted maliciously. The plaintiff does not give a lot of detail about the incident—who was fighting, what the guards were doing to try to break up the fight, where the fight took lace, where the plaintiff was located at the time. As a result, the only plausible inference the court can make from the facts it has right now is that the canister came into contact with the plaintiff

5

due to Beulen's carelessness—her alleged negligence. As the case above indicate, negligence is not sufficient to allege a claim under 42 U.S.C. § 1983 complaining about the infliction of cruel and unusual punishment through excessive force. *Thomas v. Farley*, 31 F.3d 557, 558 (7th Cir. 1994); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1429 (7th Cir. 1996).

The court understands that the plaintiff is alleging that he got hurt, and he got hurt as a result of actions taken by defendant Beulen. But a government official who accidentally hurts someone, or even whose negligence results in someone being hurt, does not violate the Eighth Amendment to the Constitution's prohibition against cruel and unusual punishment. A case under §1983 isn't like a regular lawsuit. It isn't enough for a plaintiff to allege that he suffered an injury; in a §1983 case, the plaintiff must allege that whoever injured him violated either a Constitutional right or a federal law. Negligent actions—even negligent actions that end up with someone being injured—do not violate the Constitution, or federal law. The court is not saying that the plaintiff wasn't injured. It is saying that the circumstances the plaintiff describes do not demonstrate that he has a *Constitutional* claim, or a claim under *federal* law. Thus, the plaintiff's complaint does not state the kind of claim for which this court can grant relief under §1983.

The court notes that the plaintiff still owes the filing fee, despite the fact that the court is dismissing his case. The filing fee is what a person pays to be able to file the case. A person owes the filing fee regardless of whether he wins or loses; if he filed a case, he owes the fee.

The court **GRANTS** the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2).

The court further **ORDERS** that this case is **DISMISSED** for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

The court **ORDERS** the Clerk of Court to document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g), because the court is dismissing the complaint for failure to state a claim upon which it may grant relief.

The court further **ORDERS** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $346.11 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The Secretary must clearly identify the payments by the case name and number.

The court will send a copy of this order to the facility where the plaintiff is in custody.

Dated at Milwaukee this 13th day of May, 2015.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Court Judge**